**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 24-687-GBW |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| TEMPUS AI, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER REGARDING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER AND TO COMPEL**

WHEREAS, the Court appointed Karen Keller as Special Master (the "Special Master") in this case pursuant to Federal Rule of Civil Procedure 53(a)(1)(C); and

WHEREAS, Tempus moved for a protective order and to compel (D.I. 169) and the Special Master having considered the parties' submissions regarding this matter;

IT IS HEREBY ORDERED this 2nd day of July 2026, that:

Defendant Tempus AI, Inc.'s ("Tempus") motion for a protective order and to compel is **DENIED**. Tempus seeks a protective order to prevent disclosure of its Highly Confidential Information to Guardant's two designated in-house counsel, Ms. Kim Moore and Mr. Marty Koresawa. On June 18, 2025, the court entered the parties' jointly proposed protective order which provides for three tiers of confidentiality. D.I. 63. Two in-house counsel for each party can have access to any materials that are designated "Highly Confidential" provided they are "disclosed . . . to the Producing Party" fourteen days before receiving any materials and they sign the undertaking provided in the protective order's Exhibit A. *Id*. at ¶ 4(c), (d), (g). The order does not further define in house counsel or limit who may be designated as in-house counsel other than they must be counsel (an attorney). *Id*.; *compare with* Guardant Ans. Br. Exh. C at ¶ 2.6 (defining "Designated

In House Counsel" as "not as involved in competitive decision-making."). The protective order also provides no mechanism for a party to object or inquire further about the designated counsel[1].

"Highly Confidential" information is defined in the agreement to include: "trade secrets, commercial information (including, for example, business plans, business strategies, negotiations, and **license agreements**), **financial data** (including, for example, budgeting, accounting, and advertising expenditures), sales forecasts, information about future product development, and personnel information (including, for example, compensation, evaluations, and other employment information)." *Id.* at ¶ 2(c) (emphasis added). The highest tier of confidentiality, "Outside Counsel's Eyes Only", limits disclosure only to outside counsel and explicitly notes that this material cannot be shared with in-house counsel. *Id.* at ¶ 4(e), (f). Under the protective order, parties can designate "Prosecution Bar Information" such as "patent applications, highly sensitive technical information describing in detail the design, development, research and testing of products" and "Source Code" as "Outside Counsel's Eyes Only" material. *Id.* at ¶¶ 2(d), (e), 6, 7.

The parties acted in accordance with this protective order, which I suspect was highly negotiated, for a year without any concern. The parties primary concern in setting forth the various tiers of confidentiality focused on patent prosecution related materials and source code as having the highest designation. The agreement was explicit that licensing and financial information could be shared with in-house counsel. Moreover, in November 2025, Tempus asked Guardant to de-designate certain license agreements from "Outside Counsel's Eyes Only" to "Highly Confidential" and noted that it was designating two of its in-house counsel to have access to Guardant's "Highly

---

[1] The 14 day disclosure period also does not mean the parties intended to suggest there was a mechanism for objections. It seems just as reasonable that it was just to provide notice as to who might be receiving the information. The parties knew how to provide a mechanism for objections when they intended to. *See* D.I. 163 at ¶ 4(h)(2).

Confidential Information" which would include the de-designated license agreements. Guardant Ans. Ltr. Br. at Exh. D. Consistent with the terms of the protective order, Guardant did not object or inquire further about the two Tempus individuals, Tempus's General Counsel and Associate General Counsel, at any time. Tempus's behavior suggests it also understood that under the terms of the protective order in-house counsel would see these types of agreements and other highly confidential information. In addition, the parties' circumstances remain unchanged further showing an amendment is not appropriate. Therefore, I do not find good cause to amend the protective order at this time.

While I do not need to address the competitive decision-making issue to reach my decision, this court has allowed in-house litigation counsel to have access to even the highest tier of confidential information. *See, e.g.*, *Brit. Telecommc'ns PLC v. IAC/InterActiveCorp.*, 330 F.R.D. 387, 393-94 (D. Del. 2019) (explaining that where an attorney's role is limited to "supervising litigation and evaluating the legal risks associated with U.S. litigation[,]" that attorney "is not significantly involved in competitive decision-making"). Moreover, the court has accepted unrebutted statements made by counsel as to the role of the identified counsel to form a "reasonable basis to conclude that counsel is isolated from competitive decision-making." *R.R. Donnelley & Sons Co. v. Quark, Inc.*, C. A. 06-032 JJF, 2007 WL 61885, at *2 (D. Del. Jan. 4, 2007) ("Generally, unrebutted statements made by counsel asserting that he does not participate in competitive decision[-]making, which the court has no reason to doubt, form a reasonable basis to conclude that counsel is isolated from competitive decision[-]making.") (internal quotation marks and citation omitted). Counsel has represented that neither identified Guardant in-house counsel sets prices or develops or designs its products and that they only act as litigation counsel. Guardant Ans. Br. at 3.

3

Like outside counsel, in-house counsel is bound by their professional and ethical responsibilities and obligations, and any inappropriate behavior would be sanctionable. *Avery Dennison Corp. v. Minnesota Mining & Mfg. Co.*, C.A. No. 01-125-JJF, 2001 WL 1339402, at *2 (D. Del. Oct. 26, 2001). It would also be highly prejudicial to prohibit these individuals from access to this tier of information as they are Guardant's only in-house counsel.

For these reasons, Tempus's motion is denied.

This order will be filed under seal out of an abundance of caution. The parties are directed to file a redacted version within 7 days of this Order.

/s/ Karen E. Keller

_____

Special Master Karen Keller

4